UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AVIVA ABDELHAK,

      *Plaintiff*,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC., and I.C. SYSTEM, INC.,

      *Defendants*.

No. 24-cv-00962 (MEF)(CLW)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations and procedural history of this case.

\* \* \*

The relevant undisputed facts, for now, are as follows.

A person[1] was billed for utilities at a house she had owned. See Defendant's Statement of Material Facts (ECF 28-2) ¶¶ 1, 6; Plaintiff's Response to the Statement of Material Facts ("Plaintiff's Response") (ECF 34-1) ¶¶ 1, 6.

The bill was not paid, and a company[2] was hired to collect the debt. See Defendant's Statement of Material Facts ¶¶ 1, 6, 9; Plaintiff's Response ¶¶ 1, 6, 9; see also Motion for Summary Judgment, Exhibit 2 ("Declaration of Michelle Dove") (ECF 28-6) ¶ 10.

---

[1] Aviva Abdelhak.

[2] I.C. System, Inc.

\* \* \*

A lawsuit followed, with the former homeowner ("the Plaintiff") suing, among others, the collection company ("the Defendant").[3]

The Plaintiff brought two claims against the Defendant, each under the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 et seq.  See Complaint (ECF 1) ¶¶ 135-46 (Counts III and IV).

The Defendant now moves for summary judgment on the Plaintiff's two claims.

The motion is granted.

\* \* \*

The Plaintiff's <u>first</u> claim is under 15 U.S.C. § 1692e.

Under Section 1692e, a debt collector like the Defendant "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[4]

The core of the Plaintiff's claim: her utility bill was "false," because she was charged for home-utility use for a period when she no longer owned the house in question.  See Complaint ¶¶ 39-40, 43, 49.  The Defendant reported the bill to a credit reporting agency.  Therefore, the argument goes, the Defendant "false[ly] reported . . . a past due balance."  Id. ¶ 140.

The Defendant's response: the underlying "credit information" was not false, and it is accordingly entitled to summary judgment.  See Defendant's Brief in Support of Motion for Summary Judgment ("Motion for Summary Judgment") (ECF 28-3) at 1, 7-8.

---

[3] The Plaintiff also sued a credit reporting agency, which is no longer a party.  See ECF 17.

[4] There are a number of ways to violate Section 1692e.  The Plaintiff zeroes in on two in her Complaint.  First, that the Defendant "communicate[d] . . . to any person credit information which is known or which should be known to be false."  15 U.S.C. § 1692e(8).  And second, that the Defendant "use[d] . . . false representation or deceptive means to collect . . . debt."  15 U.S.C. § 1692e(10).  They both rely on the same factual assertions, and so the Court treats the two as the same.

2

As the basis of this argument, the Defendant puts two pieces of evidence side-by-side: the deed to the Plaintiff's house and the utilities bill. See Motion for Summary Judgment at 7-8.

Per the deed, the Plaintiff sold her home on May 9, 2019. See Motion for Summary Judgment, Exhibit 3 (ECF 28-7).

Per the utility bill, the relevant charges were for services provided up until May 9, 2019 --- but not beyond. See Declaration of Michelle Dove, Exhibit C. And all of that is what the Defendant conveyed to the credit-reporting agency. See Declaration of Michelle Dove ¶ 27.

In other words, there is no suggestion of charges for services after May 9, 2019; therefore, the representation of the debt was not "false."

Against this argument, the Plaintiff puts forward no evidence. There is, for example, no affidavit that says she was being charged for services provided after she sold her home, and she points to no records that suggest she was. The Plaintiff has "designate[d] [no] specific facts," Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (cleaned up), which means there is no "genuine issue for trial." Id.; see also Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 345 (3d Cir. 2022) ("A dispute regarding a material fact is genuine only if the evidence at issue could permit a reasonable jury to decide in favor of the nonmoving party.").[5]

Bottom line: the motion for summary judgment as to Section 1692e (Count III) is granted.[6]

---

[5] She makes an argument in her legal papers. See Plaintiff's Brief in Opposition ("Opposition Brief") (ECF 34) at 1-3, 6-7. But on summary judgment, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in . . . legal memoranda[.]" Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

[6] In her opposition brief, the Plaintiff presses another theory as to how the Defendant violated Section 1692. It is: that the Defendant failed to disclose to the credit reporting agency that the Plaintiff disputed the bill. See Opposition Brief at 4-6; see 15 U.S.C. § 1692e(8) (making it a violation to "fail[] to communicate that a disputed debt is disputed"). But the Court declines to take that up. The reason: the Plaintiff put forward that theory for the first time in her opposition brief to the

\* \* \*

The second claim is under 15 U.S.C. § 1692f.

Per Section 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Here, the Plaintiff claims that the Defendant was acting "unfair[ly] and unconscionabl[y]" because it confirmed the unpaid debt to the credit reporting agency when it "knew or should have known that [the] Plaintiff was not obligated to pay." See Complaint ¶ 145.

But same problem.

The Defendant, as noted above, has provided evidence that tends to suggest the Plaintiff was obligated to pay. And the Plaintiff points to no "designated specific facts" that suggest otherwise.

Therefore, as to the claim under Section 1692f (Count IV), the motion is granted.

\* \* \*

The motion at ECF 28 is granted.

IT IS on this 15th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

summary judgment motion, but it makes no appearance in her Complaint. And "a plaintiff generally may not amend [her] complaint through arguments in [her] brief in opposition to a motion for summary judgment." Jones v. Treece, 774 F. App'x 65, 67 (3d Cir. 2019) (quoting Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)); see Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987) (affirming a grant of summary judgment, in part, because the plaintiff-appellant "raised [the] claim for the first time in their motion for summary judgment").

4